**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL DEAN SAMUELSON, #1578950** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:11-CV-0015-B (BK)** |
| | § | |
| **RICK THALER, Director TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was

referred for findings, conclusions and recommendation.

## I. BACKGROUND

Petitioner, a Texas state prisoner, filed a *pro se* petition for writ of habeas corpus under

28 U.S.C. § 2254. Respondent is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division (TDCJ-CID). The Court granted Petitioner's motion to

proceed *in forma pauperis,* but did not issue process pending preliminary screening.

On May 7, 2009, Petitioner pled guilty to one count of placement of a serial number with

intent to change identity, and two counts of theft, and was sentenced to eight years'

imprisonment. *State v. Samuelson*, F43449 (249th Jud. District Court, Johnson County, 2009).

(Doc. #1 at 2 and 10.) Petitioner did not appeal and Johnson County immediately transferred

him to TDCJ to begin serving his sentence, instead of returning him to Missouri to serve the

remainder of a thirty-year sentence after parole revocation. (*Id.* at 10.) Petitioner successfully

sought state habeas relief, claiming the State had breached his plea agreement, which specified

that his sentence would run concurrent to his Missouri sentence. (*Id.*) The Texas Court of

Criminal Appeals (TCCA) concluded the plea agreement was unenforceable and Petitioner was entitled to withdraw his plea. *Ex parte Samuelson*, No. AP-76,280 (Tex. Crim. App. Jan. 27, 2010). In June 2010, Petitioner pled guilty to a non-current eight-year sentence and the trial court filed a new judgment of conviction. *See State v. Samuelson*, No. F43449. Although Petitioner did not appeal, he unsuccessfully sought state habeas relief. *Ex parte Samuelson*, No. WR-72,732-04 and -06 (Tex. Crim. App. Sep. 8 and Oct. 20, 2010) (denying state habeas relief).

In his federal petition, Petitioner again seeks to challenge the May 2009 judgment. (Doc. #1 at 2.) He requests "specific performance of the original plea agreement [filed] on May 7, 2009," and alleges counsel rendered ineffective assistance. (*Id.* at 7.)

## II. DISCUSSION

The habeas petition is subject to summary dismissal because it lacks merit. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

The Court liberally construes the petition as a challenge to the June 2010 judgment in No. F43449, under which Petitioner is presently in custody. *See* 28 U.S.C. § 2254(a) (A federal court may consider a writ of habeas corpus only "on behalf of a person in custody ... in violation of the Constitution or laws or treaties of the United States"); *Carafas v. Lavallee,* 391 U.S. 234, 238 (1968) (petitioner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge).

Petitioner requests "specific performance of the original plea agreement [filed] on May 7, 2009," which provided for concurrent sentences. (Doc. #1 at 7.) Such a request is patently

frivolous. TDCJ records and his own pleadings confirm that the 2009 conviction and plea agreement were set aside, and that in June 2010 Petitioner agreed to plead guilty to the new, non-current eight-year term of imprisonment.

In the second ground, Petitioner alleges counsel rendered ineffective assistance with respect to his decision to withdraw the original guilty plea. This claim fares no better. As noted in *Ex parte Samuelson*, No. AP-76,280 (Tex. Crim. App. Jan. 27, 2010), the original plea agreement, which provided for concurrent sentences, was unenforceable. Therefore, Petitioner has no basis on which to premise his claim of ineffective assistance of counsel.

### III. RECOMMENDATION

For the foregoing reasons, the District Court should summarily **DISMISS** the petition for writ of habeas corpus with prejudice. *See* Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

SIGNED January 10, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE